UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BABU RAMARAJ
*Petitioner/Defendant,*

v.

UNITED STATES OF AMERICA
*Respondent.*

No. 1:24-cr-00147-MSN-1

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a series of *pro se* motions filed by Petitioner Babu Ramaraj that seek the return of various property forfeited by Petitioner during and after his criminal proceedings. ECF 78, 80, 82-84, 86. These motions were opposed by the government, which also simultaneously moved for the entry of a second forfeiture order. ECF 88. The Court dispenses with oral argument because it would not materially aid the decisional process. For the foregoing reasons, the Court will deny Petitioner's motions and enter a second order of forfeiture.

## I. BACKGROUND

On July 26, 2024, Petitioner pled guilty to Counts seventeen (17) and twenty three (23) of a multi-count indictment, charging him with wire fraud in violation of 18 U.S.C. § 1343 and conducting an unlawful monetary transaction in violation of 18 U.S.C. § 1957. ECF 32 at 1. His offense conduct included executing a mass wire fraud scheme: Petitioner relied on falsified contracts, invoices, award documentation, and subcontract agreements from "prominent, established firms" to defraud his victims out of an unclear amount of money estimated at totaling "over $35 million." ECF 41 at 9; ECF 88-1 at 5.

After accepting the plea agreement, this Court entered a Consent Order of Forfeiture ("Preliminary Forfeiture Order"), signed by the Petitioner, for (1) "the proceeds the defendant obtained as a result of the violation in Count Two," totaling $9,326,335.64; (2) the real property and improvements located at 23637 Cramford Knoll Court, Aldie, Virginia 20105 ("the Cramford Knoll property"); (3) the real property and improvements located at 20280 Newfoundland Square, Ashburn, Virginia 20147 ("the Newfoundland property"); (4) a 2023 Tesla Model X, VIN: 7SAXCBE68PF412468 ("Tesla Model X"); (5) a 2023 Audi Q7, VIN: WA1VXBF79PD008337 ("Audi Q7"); (6) a 2023 Tesla Model 3, VIN: 5YJ3E1EB3PF622456 ("Tesla Model 3"); and (7) a Tesla Model Y, VIN: 7SATGDEE6PF706432 ("Tesla Model Y"). ECF 34 at 1-2. In the Preliminary Forfeiture Order, Petitioner agreed that "the aforementioned assets . . . are subject to forfeiture," and agreed "not to file or interpose any claim to the property . . . in any proceedings or manner whatsoever." *Id.* at 5.

Petitioner also signed a Consent Restraining Order on October 21, 2023, later amended on October 25, 2024 ("Restraining Order"), which enjoined and restrained him from *inter alia* disposing of or removing any of the listed property from the Court's jurisdiction without prior approval. ECF 44, 52. The following relevant assets were included in the Restraining Order: (1) the real property and improvements located at 42887 Edgegrove Heights Terrace, Ashburn, Virginia 20146 (the "Edgegrove Heights property"); (2) the real property and improvements located at 23369 Walking Woods Lane, Aldie, Virginia 20105 (the "Walking Woods property"); (3) all bank accounts held at TD Bank in the name of the defendant, any company of the defendant's and/or the defendant's wife; and (4) all bank accounts at Northwest FW in the name of Petitioner, any company of his, and/or his wife, Vijayalakshmi Murugesan.[1] ECF 52 at 1-2.

[1] The Restraining Order also included other property not at issue in Petitioner's motions and are omitted for purposes of clarity and brevity. *See* ECF 52 at 2.

Petitioner was sentenced on October 25, 2024. ECF 48. The Court adopted the Presentence Report ("PSR") and imposed a sentence of 90 months imprisonment, as recommended by both parties. *Id.* at 1-2. Petitioner was ordered to pay restitution in the amount of $15,623,023.34 and the mandatory special assessment fees of $200.00. *Id.* at 6. He was also ordered to forfeit all interest in the property listed in the Preliminary Forfeiture Order. *Id.* at 7; ECF 34.

On July 23, 2025, the Court entered a Final Order of Forfeiture with respect to the Tesla Model Y. ECF 70. The Court also dismissed the Cramford Knoll[2] and Walking Woods properties from the Restraining and Preliminary Forfeiture orders because they fell below net equity and were "unsuitable for forfeiture." ECF 69 at 1. On August 8, 2025, the Court entered a Final Order of Forfeiture ("Final Order II") for (1) the Newfoundland Square property, (2) the Tesla Model X, (3) the Audi Q7, and (4) the Tesla Model 3. ECF 75 at 2-3.

Petitioner filed an initial motion for return of property on August 26, 2025, and subsequently filed a series of further motions related to the property on various grounds. ECF 78, 80, 82-84, 86. The government filed its response on April 10, 2026, opposing Petitioner's motions and moving the Court to enter a second order of forfeiture including additional property identified as proceeds of Petitioner's fraud scheme. ECF 88 at 2-3. In relevant part, the government's proposed second order includes: (1) a 2024 Hyundai Santa Cruz, VIN # 5NTJB4AE4RH083272 (the "Hyundai Santa Cruz"); (2) the Edgegrove Heights property; (3) all funds in M&T Bank Account Number 9886351643, in the name of DAB Inspection and Consulting Services; (4) all funds in Northwest FCU Bank Account Number 20000002480991, in the name of DAB Inspection and Consulting Services; (5) All funds in Northwest FCU Bank Account Number

[2] The Order and other documents in the record incorrectly refer to the property as "Cranford Knoll." *See* ECF 69 at 1. This appears to be an inadvertent mistake; however, the Court refers to the property as "Cramford Knoll," as it is listed in the original Forfeiture Order. ECF 34 at 1.

20000000881414, in the name of Babu Ramaraj; (6) All funds in Northwest FCU Bank Account Number 20000000881422, in the name of Babu Ramaraj; and (7) All funds in TD Bank Account 439-0563215, in the name of Vijayalakshmi Murugesan. ECF 88-1 at 2-3.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 41(g) allows "[a] person aggrieved by . . . the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). "The Court properly denies a motion for return of property if the defendant lacks entitlement to 'lawful possession of the seized property, the property is contraband or subject to forfeiture . . . .'" *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. Dec. 19, 2013) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)), *aff'd*, 567 F. App'x 202 (4th Cir. 2014). "'[A]ny factual determinations supporting the court's decision must be based on evidence received. This requirement does not mean that a district court must conduct an evidentiary hearing to resolve all factual disputes. It does require, however, that the district court . . . resolve factual disputes' on evidence, rather than on mere allegations." *Id.* (quoting *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)).

## III. ANALYSIS

Petitioner cites a litany of statutes that he claims justifies the return of various assets. Petitioner argues that he is entitled to such relief for the following reasons: (1) because he was aggrieved by unlawful deprivation of property, per Fed. R. Crim. P. 41(g); (2) that Fed. R. Crim. P. 26.1, 26.2, 26.3, or 27 somehow entitle him to the disputed property; (3) because the government failed to provide the written notice of administrative forfeiture required by 18 U.S.C. § 983(e)(1)(A); (4) "the Government [*sic*] actions appear to be inconsistent with [Right to Financial Privacy Act] safeguards;" (5) he is an "Innocent Owner" who "acquired the property lawfully;"

and (6) because he is allegedly entitled to default judgment in an unrelated civil case. ECF 78 at 1; ECF 82 at 1; ECF 86 at 2-3. For the reasons listed below, Petitioner's only potentially viable path to recovery is through Fed. R. Crim. P. 41(g).

**A. Fed. R. Crim. P. 26.1, 26.2, 26.3, and 27**

The Federal Rules of Criminal Procedure regarding "Foreign Law Determination" (26.1), "Producing a Witness's Statement" (26.2), "Mistrial" (26.3), or "Proving an Official Record" (27) would not entitle Petitioner to return of the property. What is more, he does not provide any factual or argumentative context for such a theory. Petitioner's "current rambling and repetitive allegations . . . fail to provide [the government] with fair notice of the facts and legal basis" underlying this purported claim. *Herrington v. Hagen*, No. 3:23-CV-696, 2025 WL 2524115, at *2 (E.D. Va. Sept. 2, 2025) "The Court will not parse through a complaint pled in this manner." *Id.* As such, these claims fail.

**B. 18 U.S.C. § 983(e)(1)(A)**

Courts acting under 18 U.S.C. § 983(e)(3) only have the authority to "set aside a nonjudicial civil forfeiture," whereas cases, such as this, involving criminal forfeiture is governed by Fed. R. Crim. P. 32.2. 18 U.S.C. § 983(e)(1); *see generally* ECF 34 (citing and acting pursuant to the requirements of Fed. R. Crim. P. 32.2 and *not* 18 U.S.C. § 983). To the extent Petitioner tries to make out a claim under 18 U.S.C. § 983, it must fail because "there is no authority for the application of § 983(a)(1) and (3) to judicial forfeiture." *United States v. 1866.75 Bd. Feet & 11 Doors & Casings, More or Less, of Dipteryx Panamensis Imported from Nicaragua*, 587 F. Supp. 2d 740, 751 (E.D. Va. Nov. 24, 2008), *aff'd sub nom. United States v. Thompson,* 332 F. App'x 882 (4th Cir. 2009).

### C. Right to Financial Privacy Act

Petitioner vaguely asserts that the government violated 12 U.S.C. § 3402 when they "access[ed] and deplet[ed]" his "accounts," presumably in reference to the government seizing the assets he *agreed* to forfeit. ECF 86 at 2. This claim fails for multiple reasons.

Section 3402 generally prohibits the government from accessing "information contained in the financial records of any customer from a financial institution," *unless* those records are reasonably described and fall into one of five enumerated exceptions, including when "such financial records are disclosed in response to a search warrant" or "judicial subpena [*sic*]." 12 U.S.C. § 3402(3)-(4). Petitioner does not suggest, nor is there evidence in the record to show, that the government did not obtain a warrant during the course of investigating him. ECF 2.

Even if the government *did* violate Petitioner's rights under the RFPA at some point, Petitioner still would not be entitled to return of property as a form of relief, as the RFPA only entitles aggrieved individuals to monetary damages in the sum of "$100" plus "any actual damages sustained by the customer as a result of the disclosure" and "such punitive damages as the court may allow." 12 U.S.C. § 3417(a)(1)-(3). Insofar as he alleges impropriety in the government's investigative process, the forfeiture proceedings, or "in the United States' pre- and post-judgment financial investigation," he does not provide any factual basis to substantiate these claims. ECF 32 at 9, 7; ECF 82 at 2. The Court thus finds this argument incognizable.

### D. Innocent Owner

Petitioner's innocent owner claim is similarly meritless. Under 18 U.S.C. § 983(d), the "innocent owner" of a property shall not have their property forfeited under "any civil forfeiture statute." To qualify as an "innocent owner" under 18 U.S.C. § 983(d), an owner of seized property must either (i) not have known "of the conduct giving rise to forfeiture;" or (ii) "upon learning of

the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A). Petitioner *admitted* responsibility for the conduct giving rise to the forfeiture at issue, rendering him categorically ineligible to claim this defense. *See* ECF 32 at 2 ("The defendant will plead guilty because [he] is in fact guilty of the charged offense[s]. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt.").

**E. Default Judgment**

Petitioner also filed two motions for relief in this action under Rules 60(b)(6) and 65 of the Federal Rules of Civil Procedure. ECF 82, 83. In these motions he appears ask the Court to "set aside the default judgement" that was entered against him (and his wife) in a separate civil action brought by the Securities and Exchange Commission ("SEC") (No. 1:24-cv-01282-CMH-LRV) or, alternatively, to somehow issue a preliminary injunction with respect to that case. ECF 82. Because the present action is a criminal matter, "the motion filed pursuant to the Federal Rules of Civil Procedure is subject to dismissal based on the inapplicability of the civil rules in a[] criminal proceeding." *Anderson v. United States*, No. 4:07-cv-70052, 2010 WL 3783439, at *7 (D.S.C. Sept. 21, 2010). To the extent that Petitioner attempts to challenge his criminal forfeiture orders by filing the Rule 60(b) or 65 motions, he cannot do so. *U.S. v. Grapes*, 408 F. App'x 766, 767 (4th Cir. 2011) ("[A] defendant cannot challenge criminal forfeiture orders under the Federal Rules of *Civil* Procedure." (emphasis in original) (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)).

In sum, Petitioner's claims under the aforementioned statutes fail, and the Court will assess his claims for return of property under Fed. R. Crim. Pro. 41(g).

### F. Rule 41(g)

Petitioner moves for the following property to be returned to him: (1) the Cramford Knoll Property; (2) the Walking Woods Property; (3) the Newfoundland Square Property (4) the Edgegrove Heights Property;[3] (5) the Tesla Model X; (6) the Tesla Model 3; (7) the Audi Q7; (8) the Hyundai Santa Cruz Truck;[4] (9) the assets contained in his bank accounts at Northwest Federal Credit Union, and (10) the assets contained in his bank accounts at TD Bank.[5] ECF 78. As noted above, both the Cramford Knoll and Walking Woods properties were previously dismissed from the consent order for falling below net equity thresholds. ECF 69. The Petitioner's motion is thus moot with respect to these assets and will be dismissed accordingly.

As to the remaining property, Petitioner's Motion to Return Property fails on multiple grounds, the first of which being that he waived his right to challenge forfeiture both through his plea agreement and through his decision not to appeal. ECF 32 at 4-5, 7-9. Even if this were not so, the Court dismisses his motion because the property Petitioner seeks is "subject to forfeiture," and therefore not subject to return. *Hill*, 296 F.R.D. at 414; *see also United States v. Martinez-Mata*, No. 3:14-cv-10, 2014 WL 5430992, at *2 (E.D. Va. Oct. 24, 2014) (holding that a petitioner who "lacks lawful entitlement to [disputed] property . . . cannot avail himself of Rule 41(g) relief."), *aff'd,* 626 F. App'x 437 (4th Cir. 2015).

---

[3] Neither the Edgegrove Heights property, the Hyundai Santa Cruz, nor the funds in Petitioner's Northwest FCU or TD bank accounts, were officially forfeited at the time Petitioner filed this motion. ECF 78 at 25; 70; 75. Because the Court intends to enter a second order of forfeiture for these assets, which will be final with respect to the Petitioner, the Court nevertheless considers the merits of his argument regarding all of the property he requests.

[4] *Id.*

[5] *Id.*

**1. Waiver of Ability to Challenge Forfeiture**

**a) Plea Agreement**

Petitioner's motion fails, first and foremost, by the terms of his plea agreement, in which he "knowingly waive[d] the right to appeal the conviction and any sentence [imposed] within the statutory maximum." ECF 32 at 4. By signing the plea, Petitioner agreed to "forfeit all interests in any fraud-related and money laundering-related asset that [he] owns or over which [he] exercises control," and waived "all constitutional and statutory challenges to forfeiture in any manner . . . to any forfeiture carried out in accordance with this Plea Agreement on any grounds." *Id.* at 7-8.

"A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that [Courts] make by considering the totality of the circumstances. . . When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, [Fourth Circuit courts] generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citations omitted). Courts analyze these agreements similar to "a contract in [the] civil context," although "with a greater degree of scrutiny" because plea agreements "necessarily implicate a defendant's constitutional rights." *Id.* Nevertheless, "[i]f the plea agreement is unambiguous as a matter of law, and there is no evidence of governmental overreaching, [Courts] should interpret and enforce [it] accordingly." *United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007).

After reviewing the full record, including the language of the plea agreement and subsequent waivers, this Court's colloquy with Petitioner, and Petitioner's assurances to the Court, the Court is satisfied that he "executed the waivers knowingly and intelligently," and that the conditions of such are fair to uphold. *Boutcher*, 998 F.3d at 608; *see also Merritt v. United States*,

499 F. Supp. 3d 249, 255 (E.D. Va. Nov. 9, 2020) ("Guilty pleas are 'grave and solemn act[s] to be accepted only with care and discernment.'" (alteration in original) (quoting *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010)). Petitioner "does not dispute that his plea was legally voluntary [*sic*]," presumably indicating that he *entered* such plea voluntarily. ECF 87 at 2; ECF 34 at 5. Additionally, in his Rule 11 plea colloquy, Petitioner assured this Court that he fully understood the rights he gave up by signing the Plea Agreement, that he accepted the consequences of doing so, and that he was satisfied by his counsel's performance. ECF 56 at 5:10–7:6, 8:3-25. For the sake of thoroughness, however, the Court considers both the procedural and substantive defects of Petitioner's Rule 41(g) claim.

**b) Failure to Appeal**

"'A criminal forfeiture is part of a defendant's sentence,' . . . and thus, can only be challenged on direct appeal, or the challenge is waived." *Martinez-Mata*, 2014 WL 5430992, at *2 (quoting *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011)). "If a defendant wishes to challenge a forfeiture order entered against him, he must file an appeal within fourteen days of entry of the order." *United States v. Bangiyev*, 359 F. Supp. 3d 435, 438 (E.D. Va.) (citing Fed. R. App. P. 4(b)), *aff'd*, 771 F. App'x 328 (4th Cir. 2019). Accordingly, "Rule 41(g) fails to provide a method to collaterally attack [one's] criminal judgment and sentence, including . . . forfeiture." *Martinez-Mata*, 2014 WL 5430992, at *2 (emphasis added).

Petitioner appears to attempt an "end-run around the terms of his Plea Agreement," by filing the present Rule 41(g) motion. *Martinez-Mata*, 2014 WL 5430992, at *2. Petitioner did not timely file a notice of appeal after his sentence was entered on October 25, 2024. Fed. R. App. P. 4(b)(1)(A) ("a defendant's notice of appeal must be filed in the district court within 14 days after

. . . the entry of either the judgment or the order being appealed."). As such, Petitioner waived his challenge to forfeiture and his motion must fail.

**2. Property Subject to Forfeiture**

Even if this motion were properly before the Court, Petitioner's arguments still fail because the property he requests is "subject to forfeiture." *Hill*, 296 F.R.D. at 414; *see also United States v. Rudisill,* 358 F. App'x 421, 422 (4th Cir. 2009) (denying a petitioner's Rule 41(g) motion with respect to a car that had been used during the commission of an offense "because the car was subject to forfeiture.").

To effect criminal forfeiture, the Government must first "include a forfeiture allegation in the indictment against the defendant." *Martin*, 662 F.3d at 307 (citing Fed. R. Crim. P. 32.2(a)). "After conviction, the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence." *Id.* "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). If this burden is satisfied, the district court enters a preliminary order of forfeiture, which becomes final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." Fed. R. Crim. P. 32.2(b)(2), 32.2(b)(4)(A).

Both the government and this Court properly followed the aforementioned procedures with respect to the property Petitioner now requests to be returned. ECF 19 at 12-13; ECF 32 at 7-8; ECF 34. The Court entered both preliminary and final forfeiture orders for the Newfoundland property, the Tesla Model X, the Audi Q7, the Tesla Model 3, and the Tesla Model Y. ECFs 34, 70, 74. The Court now enters a second preliminary order of forfeiture to encompass property that

has been subsequently identified as proceeds from Petitioner's criminal conduct, which will be issued separately and includes, in relevant part, the other assets requested by Petitioner in his Motion: The Edgegrove Heights property, the Hyundai Santa Cruz, and the bank accounts at both Northwest FCU and TD Bank. ECF 88-1 at 2-3.

"Courts uniformly recognize that an order of forfeiture terminates a criminal defendant's interest in a forfeited property." *United States v. Wallis*, 454 F. Supp. 3d 589, 593 n.3 (E.D. Va. April 15, 2020) (citing *United States v. Elliott*, 149 F. App'x 489, 492 (7th Cir. 2005); *United States v. Brunson*, 1996 WL 306438, at *2 (10th Cir. 1996). Because this property is "subject to forfeiture," Petitioner is not legally entitled to return of the requested assets, and his Rule 41(g) motion must fail. *Hill*, 296 F.R.D. at 414.

## IV. CONCLUSION

For the aforementioned reasons, it is hereby

ORDERED that Petitioner's Motion to Return Real Property and Personal Property is DENIED.

**IT IS SO ORDERED.**

The Clerk's Office is directed to send a copy of this Order to all counsel of record, to the defendant, and to the United States Probation Office.

/s/
Michael S. Nachmanoff
United States District Judge

August 20, 2026
Alexandria, Virginia